IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                         96-cr-93-bbc-01

GEORGE D. MOFFETT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of George D. Moffett's supervised release was held on October 6, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel, Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U.S. Probation Officer Michael D. Harper.

      From the record I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on June 25, 1997, following his conviction for conspiracy to possess with intent to distribute cocaine base, a

Schedule II controlled substance, in violation of 21 U.S.C. § 846. This offense is a Class A felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 188 months, with a 60-month term of supervised release to follow.

On September 10, 1998, District Judge John C. Shabaz reduced defendant's imposed term of imprisonment from 188 months to 151 months. The 60-month term of supervised release to follow the term of imprisonment was affirmed.

Defendant began his term of supervised release on December 18, 2006. On June 22, 2010, I found that in April 2010, defendant had violated Standard Condition No. 1, prohibiting him from leaving the judicial district without approval from the court or probation officer as evidenced by his admission that he was residing in Milwaukee, Wisconsin. On February 1, 2010, defendant violated Standard Condition No. 4, requiring him to follow the probation officer's instructions, when he failed to move back to Madison from Milwaukee as instructed. In March 2010, defendant violated Special Condition No. 7, requiring him to report any changes in residence or employment, when he failed to disclose to his probation officer that he was no longer working at Octopus Car Wash and had found new employment at Joey's Seafood Restaurant.

Defendant's violations fall into the category of Grade C violations. Section §7B1.3(a)(1) of the advisory guidelines provides that the court may extend, modify or revoke supervised release upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations require revocation. Defendant's criminal history category is II. With a Grade C violation, defendant has an advisory guideline term of imprisonment range of 4 to 10 months. The statutory maximum to which defendant can be sentenced upon revocation is 60 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than five years if the offense for which defendant was sentenced previously was a Class A felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The intent of this sentence is to hold defendant accountable for his violations, to protect the community and reflect the seriousness of his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 25, 1997, and affirmed on September 10, 1998, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 10 months, to be served consecutively to the term of imprisonment imposed on defendant in Case No. 10-cr-123-bbc-01. I recommend that defendant serve the last 60 days of his confinement in a federally approved community corrections center, with work release privileges. No term of supervised

release shall follow. Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 6th day of October, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge